73 F.3d 971
 19 Employee Benefits Cas. 2519, 96 Cal. Daily
Op. Serv. 355,
96 Daily Journal D.A.R. 563,
Pens. Plan Guide P 23916B
BAY AREA LAUNDRY & DRY CLEANING PENSION TRUST FUND,
Plaintiff-Appellant,
v.
FERBAR CORPORATION OF CALIFORNIA, INC., a California
Corporation; Ferreira Farms, Inc., a California
corporation; Stephen J. Barnes, and
Robert J. Ferreira,
Defendants-Appellees.
 No. 94-15976.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Jan. 17, 1996.
 
 Geoffrey V. White, Law Office of Geoffrey V. White, San Francisco, California, for plaintiff-appellant.
 William F. Terheyden, Littler, Mendelson, Fastiff, Tichy & Mathiason, San Francisco, California, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before: NORRIS, BEEZER, and TROTT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arises from an action filed on February 9, 1993, by the Bay Area Laundry and Dry Cleaning Pension Trust Fund against Ferbar Corp. and Stephen J. Barnes ("Ferbar") to collect withdrawal liability under 29 U.S.C. Secs. 1381-1461, the Multi-Employer Pension Plan Amendments Act of the Employee Retirement Income Security Act. The district court granted summary judgment for Ferbar on the ground that the Fund's suit for withdrawal liability was barred by the applicable statute of limitations set forth in 29 U.S.C. Sec. 1451(f). This statute provides in relevant part:
 
 
 2
 Sec. 1451. Civil Actions ...
 
 
 3
 (f) Time limitations. An action under this section may not be brought after the later of--
 
 
 4
 (1) 6 years after the date on which the cause of action arose, or
 
 
 5
 (2) 3 years after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action;....
 
 
 6
 29 U.S.C. Sec. 1451(f). The district court applied the three-year statute of limitations set forth in Sec. 1451(f)(2), but in the alternative held that the action would nevertheless be barred under the six-year statute of limitations set forth in Sec. 1451(f)(1), reasoning that the cause of action arose on the date that Ferbar missed its first withdrawal liability installment payment. On appeal the parties contest, first, whether the three-year or the six-year period applies, and second, the date on which the limitations period began to run.
 
 
 7
 * BACKGROUND
 
 
 8
 In March, 1985, Ferbar effected a complete withdrawal from the Fund. On December 12, 1986, the Fund sent Ferbar a notice assessing a withdrawal liability obligation of $45,580.80. The notice provided that Ferbar could pay off its withdrawal liability in one of two ways: (1) it could either make a single lump-sum payment of the total liability no later than 60 days after receipt of the demand, or (2) it could begin making installment payments according to a schedule established by the Fund, with the first payment due on February 1, 1987. Ferbar did not pay the first installment, but rather on February 27, 1987, exercised its right to request review of the assessment by the Board of Trustees. On April 14, 1987, the Fund notified Ferbar that Ferbar's first payment was delinquent, and informed Ferbar that it had 60 days from the notice to cure the delinquency, or it would be considered in default. Ferbar did not cure its delinquency.
 
 II
 APPLICABLE LIMITATIONS PERIOD
 
 9
 The district court held that the Fund's action was time-barred because it was filed more than three years after the Fund acquired knowledge of the cause of action, citing Sec. 1451(f)(2). The Fund argues that the action could not be time-barred until six years after the cause of action arose.
 
 
 10
 We agree with the Fund. The district court misread the plain language of Sec. 1451(f), which clearly directs courts to apply "the later of " the two periods of limitations. On the facts of this case, "the later of " the two periods is six years from the date the cause of action arose. We now turn to the question when the cause of action arose.
 
 III
 WHEN THE CAUSE OF ACTION AROSE
 
 11
 In its alternative holding, the district court determined that the cause of action arose on February 1, 1987, the date on which Ferbar missed its first installment payment for the assessed withdrawal liability. The Fund argues that the cause of action arose on June 14, 1987, the date of default.[1] Ferbar argues that the cause of action arose in March, 1985, the date of complete withdrawal, or alternatively on the date of the first missed payment.
 
 
 12
 Our court has recently spoken dispositively on this issue. In Board of Trustees of the Constr. Laborers Pension Trust v. Thibodo, 34 F.3d 914 (9th Cir.1994), we held that "for actions to recover withdrawal liability incurred as a result of complete withdrawal under 29 U.S.C. Sec. 1383(b), the limitations period begins to run from the date that the conditions for withdrawal specified under that section are met." Id. at 916-17. In other words, the limitations period begins to run from the date of complete withdrawal--in this case, March 1985.
 
 
 13
 It is true that Thibodo by its terms applies only to actions arising under 29 U.S.C. Sec. 1383(b), which defines the conditions for complete withdrawal only in the building and construction industry.[2] The conditions for complete withdrawal in most other industries are defined by Sec. 1383(a), which governs the present action.[3] However, we see no basis for distinguishing an action brought under Sec. 1383(a) from one brought under Sec. 1383(b) for the purpose of applying the statute of limitations set forth in Sec. 1451(f). Indeed, the Fund makes no attempt to distinguish Thibodo from the present action for statute of limitations purposes. Accordingly, we hold that Thibodo controls actions arising under Sec. 1383(a) as well as actions arising under Sec. 1383(b).
 
 
 14
 Under Thibodo, the period of limitations began running in March, 1985, when Ferbar effected a complete withdrawal from the Fund.[4] Because the Fund filed the present action on February 9, 1993, more than six years later, we AFFIRM the summary judgment for Ferbar on the ground that the action is time-barred.
 
 
 15
 TROTT, Circuit Judge, concurring.
 
 
 16
 I concur in Judge Norris's opinion because I believe Thibodo compels this result. I believe, however, that Joyce v. Clyde Sandoz Masonry, 871 F.2d 1119 (D.C.Cir.) does a better job of answering the questions raised by these issues, but we do not have authority to ignore our own decisions.
 
 
 
 [1]
 Default occurs when the employer has received notice that it has missed a payment and has failed to cure the delinquency within 60 days. See 29 U.S.C. Sec. 1399(c)(5) (defining "default")
 
 
 [2]
 Sec. 1383(b) provides:
 Sec. 1383. Complete Withdrawal ...
 (b) Building and construction industry.
 (1) Notwithstanding subsection (a) of this section, in the case of an employer that has an obligation to contribute under a plan for work performed in the building and construction industry ...
 (2) A withdrawal occurs under this paragraph if--
 (A) an employer ceases to have an obligation to contribute under the plan, and
 (B) the employer--
 (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or
 (ii) resumes such work within 5 years after the date on which the obligation to contribute under the plan ceases, and does not renew the obligation at the time of the resumption.
 29 U.S.C. Sec. 1383(b).
 
 
 [3]
 Sec. 1383(a) provides:
 (a) Determinative factors.
 For purposes of this part, a complete withdrawal from a multiemployer plan occurs when an employer--
 (1) permanently ceases to have an obligation to contribute under the plan, or
 (2) permanently ceases all covered operations under the plan.
 29 U.S.C. Sec. 1383(a).
 
 
 [4]
 Ferbar never agreed to the installment plan proposed by the Fund and made no installment payments. As a result, it appears that no new contract to pay off the withdrawal liability could have been formed. See 1A Arthur L. Corbin, Corbin on Contracts Sec. 211 (1963). Had such a contract been formed, the Fund might have a separate claim, with its own statute of limitations, for breach of that contract